**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Wilfredo Torres<br><br>Plaintiff,<br><br>v.<br><br>Furiel Auto Corporation<br><br>Defendant. | **Civil. No. 21-cv-01593(GMM)** |

**MEMORANDUM AND ORDER**

Defendant, Furiel Auto Corporation's ("Defendant"), requests the stay of proceedings pending the resolution of <u>Acheson Hotels, LLC v. Laufer</u>, No. 22-429, 2023 WL 2634524 (U.S. Mar. 27, 2023) by the Supreme Court of the United States' ("SCOTUS"). (Docket No. 29). Defendant's *Motion to Stay Proceedings* ("Motion to Stay") is DENIED.

## I.   Relevant Background

Plaintiff Wilfredo Torres' ("Plaintiff" or "Mr. Torres") seeks injunctive and declaratory relief against Defendant based on allegations of discrimination at Defendant's facility. (Docket No. 27 ¶¶ 1-2). Mr. Torres claims he visited Defendant's facility on or about October 20, 2021. He alleges to have encountered several architectural barriers in contravention of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), and corresponding guidelines. (Docket No. 27 ¶¶ 10-

Civil. No. 21-cv-01593(GMM)
Page -2-

11). Such barriers, Plaintiff avers, denied him of "'full and equal

enjoyment' and use of the goods, services, facilities, privileges,

and accommodation of the Facility." (Docket No. 27 ¶ 19). As such,

Plaintiff is and continues to be deterred from visiting Defendant's

facility. (Docket No. 27 ¶ 12). Only if the alleged barriers are

removed, he attests, can he return to Defendant's facility as a

*bona fide* consumer. (Docket No. 27 ¶ 12).

Defendant, in turn, filed a Motion to Stay. He posits that

the Supreme Court's eventual ruling in Acheson Hotels, LLC v.

Laufer, No. 22-429, 2023 WL 2634524, at *1 (U.S. Mar. 27, 2023)

(Docket No. 29 ¶ 1), impacts the case at bar to the point of its

potential dismissal. (Docket No. 29 ¶¶ 2-4). He reasons that the

Court should abstain from moving forward, *i.e.*, ought to stay the

proceedings pending the Supreme Court's resolution of Acheson

Hotels, LLC.[1]

Plaintiff disagrees. At no point in his *Second Amended*

*Complaint* ("Complaint") did he assert "tester" standing. On the

contrary, he alleges that he was a consumer. (Docket No. 27 § 12).

Mr. Torres adds that a stay would prevent him from gathering

---

[1] The Supreme Court will review the First Circuit Court's decision in
Laufer v. Acheson Hotels, LLC, 50 F.4th 259, 268 (1st Cir. 2022) to
uphold that the "tester" status does not defeat standing in Title III
litigation. *See* Laufer v. Acheson Hotels, LLC, 50 F.4th at 268; Suárez-
Torres v. Panadería y Repostería España, Inc., 988 F.3d at 550-51 (1st
Cir. 2021).

Civil. No. 21-cv-01593(GMM)
Page -3-

evidence to support his case which, ultimately, limits the exercise

of his rights. (Docket No. 30).

## II.   Legal Standard

The law is settled: "[t]he District Court has broad discretion

to stay proceedings as an incident to its power to control its own

docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing

Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "A stay is an

intrusion into the ordinary process of administration and judicial

review," and is therefore, "not a matter of right," but an exercise

of discretion. Nken v. Holder, 556 U.S. 418, 427 (2009) (internal

quotation marks and citations omitted).

In granting a stay, the Court must also be mindful of the

hardship and inequity to the moving party if the action is not

stayed, and of the potential prejudice to the non-movant. Ramos-

Martir v. Astra Merck, Inc. (D.P.R. Nov. 17, 2005). Generally, in

evaluating whether to issue a stay, a court will consider three

factors: (1) potential prejudice to the non-moving party; (2)

hardship and inequity to the moving party without a stay; and, (3)

judicial economy. *Id.*

## III.   Discussion and Conclusion[2]

---

[2] The Court further considered Plaintiff's *Response in Opposition to Motion to Stay* (Docket No. 30), Defendant's *Reply in Support of its Motion to Stay Proceedings* (Docket No. 34), and Plaintiff's *Sur-reply to Defendant's Brief in Support of its Motion to Stay Proceedings* (Docket No. 37).

Civil. No. 21-cv-01593(GMM)
Page -4-

Upon examining the parties' averments, the Court finds that Defendant has not met its burden to substantiate a stay pending the outcome in Acheson Hotels, LLC.  SCOTUS' eventual ruling in Acheson Hotels, LLC bears no emphasis in the instant proceedings. Plaintiff has not invoked the "tester" standing wherein a plaintiff merely visits places of public accommodation "primarily to assess and challenge violations of the ADA." Suárez-Torres v. Panadería y Repostería España, Inc., 988 F.3d 542, 546 (1st Cir. 2021). Mr. Torres avers expressly to have visited Defendant's facility as a *bona fide* consumer. (Docket No. 27 ¶ 12).

Furthermore, at this stage of the proceedings, a stay could imply potential prejudice to the Plaintiff.

Defendant's Motion to Stay is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of April 2023.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE